## CIRCUIT COURT OF THE CITY OF ROANOKE

Thomas A. Bain, III, et al.

v.

R. Grant Clowers

May 22, 1989

Case No. CL88-001069

By JUDGE DIANE McQ. STRICKLAND

I have reviewed the briefs which you have filed in the captioned case and thank you for the same. The material facts are as follows: In the present litigation, Thomas A. Bain, III, individually and on behalf of Young, Garber, Bain and Cox, a Virginia general partnership, seeks recovery against R. Grant Clowers for damages incurred as a result of Mr. Clowers's alleged failure to properly and timely perform appraisals on four properties located in Danville, Virginia. In a prior action adjudicated in this Court on September 14, 1988, R. Grant Clowers obtained judgment against Mr. Bain, the aforesaid partnership, and the three other individual partners (James R. Garber, William F. Young, II, and Paul A. Cox) for the agreed upon price of the appraisal services rendered by Mr. Clowers pertaining to the four properties in Danville. During the course of that litigation, Mr. Bain and the partnership pled that they were not indebted to Mr. Clowers "for just and equitable cause" and thereafter elaborated on that response in an answer to interrogatories which stated:

> The projections given by Clowers Appraisal Service, relied upon by the defendants, caused consternation and turn-downs among lenders

and whether theoretically arrived at or not, the numbers were nonetheless unrealistic since said projections were not in keeping with the Danville rental marketplace. Loan declinations resulted as a consequence thereof and/or the lack of quality of loan offered created both an unattractive interest rate and an unrealistic cash equity requirement.

Defendant Clowers has filed a plea of *res judicata* in the current proceeding contending that the earlier suit constitutes a bar to the present litigation. Four elements must be satisfied in order that defendant Clowers may prevail upon this plea: (1) The prior decree must have been rendered by a court of competent jurisdiction; (2) the same parties or their privies must have been involved; (3) the matters in controversy must have been the same in the former suit as in the latter; and (4) there must have been a determination on the merits. It is uncontroverted by the plaintiffs to the present case that the prior judgment was rendered by a court of competent jurisdiction, that the same parties were involved, and that there was a determination on the merits. Plaintiffs, however, contend that the above-stated element No. 3 is lacking in that the claim advanced in the present suit was not part of the cause of action in the prior adjudication.

Plaintiffs do not dispute that the same transaction is involved in both cases; however, they properly assert that the same transaction may give rise to more than one cause of action even between the same parties. T. Munford Boyd, Edward S. Graves, and Leigh B. Middleditch, Jr., *Virginia Civil Procedure*, § 12.11 at pp. 464, 465 (The Michie Company, 1982). Plaintiffs continue to correctly note that if there is more than one cause of action, the doctrine of *res judicata* does not apply but the doctrine of collateral estoppel may preclude relitigation of issues common to the two proceedings.

Even the Virginia case law does not accurately reflect the distinction between the doctrines of *res judicata* and collateral estoppel by judgment. Under the doctrine of *res judicata*, where a second action is upon the same claim as the first, the judgment in the first, if upon

the merits, constitutes an absolute bar to the subsequent action as to the parties and those in privity. *Bates v. Devers*, 214 Va. 667, 202 S.E.2d 917 (1974). Collateral estoppel precludes parties to the first action (and their privies) from relitigating in a subsequent action any issues of fact essential to a valid and final personal judgment in the first action. *Id.* at 670.

While the same transaction (i.e. appraisal of four Danville properties) is clearly present in both litigations between the present parties, the causes of action (i.e. payment for appraisal services vs. damages for improper appraisal) appear to be different. Therefore, the doctrine of collateral estoppel is applicable to the present litigation. Accordingly, it is necessary to determine what matters were essential to the valid and final judgment rendered in the prior case. It is necessary to refer to all pleadings filed in the prior litigation in order to properly construe the court's order. Plaintiff's response to interrogatories in the prior litigation clearly reflects that the issue of whether defendant Clowers' appraisals were properly performed was in issue as a defense in that litigation. The doctrine of collateral estoppel can be applied defensively if an issue was presented in prior litigation to which the parties participated. *Boyd, Graves, Middleditch* at 466. Accordingly, the doctrine of collateral estoppel bars relitigating the issue of whether the appraisals were properly performed in the present litigation. This court must accept the determination of that issue rendered on September 14, 1988, that defendant was not negligent in performing the appraisals.

Plaintiffs are granted leave to amend their motion for judgment within twenty-one days if there are other issues which would not be barred by collateral estoppel from the prior judgment.